REMY CHIASSON, Judge Pro Tem.
This is a devolutive appeal of a decision sustaining the defendants’ motion for summary judgment to a petition for nullity of a judgment. A second judgment sustained defendants’ exception of prescription to a request for convening a medical review panel. From those decisions, this appeal followed.

FACTS

Plaintiffs’ natural father, James Lewis, Sr., was admitted to South Louisiana Medical Center on December 2, 1986, for a burned finger. The finger was amputated, and a skin graft was performed with Mr. Lewis under general anesthesia. Mr. Lewis never regained consciousness from this operation, dying a few weeks later.
Plaintiffs filed their petition alleging medical malpractice on August 31, 1987. The defendants responded by filing exceptions of prematurity and no cause of action. These exceptions were served on plaintiffs’ counsel by the sheriff’s office shortly thereafter. In March, 1988, the defendants filed a motion to fix the exceptions for trial. Plaintiffs’ counsel received a copy of this motion from defendant, but the order portion of the motion was blank.
At the end of March, 1988, plaintiffs’ counsel changed employment and set up her own practice. Notice of the hearing date was mailed by the clerk of court to counsel’s former employers. Counsel did not receive this notice and did not appear for the hearing *587 held on April 8, 1988. The trial court sustained the exception of prematurity and dismissed the suit by judgment signed on April 14,1988. Notice of judgment was mailed the same day by a deputy clerk of court to plaintiffs’ attorney at the address of record which was her former employer’s address. In July, 1988, three months after judgment was rendered, plaintiffs’ counsel notified the trial court of her change of address by substituting herself as counsel of record and removing her former employers'.
On August 3, 1988, the former employers of plaintiffs’ counsel filed a petition of intervention. After a judgment of filiation for the Miles children was rendered in another district court in July, 1990, a copy of the judgment was sent to the defendants.
On July 25, 1990, the defendants sent by certified mail correspondence stating that the case was dismissed on April 14, 1988. This letter was the first time that plaintiffs’ counsel learned that the exceptions had been set for trial and that judgment had been rendered dismissing the case. On July 25,1991, plaintiffs filed a request for a medical review panel and a petition for nullity of judgment.
To the request for a medical review panel, the defendants filed an exception of prescription in the district court, suit number 102102. Defendants then moved to consolidate the two cases for purposes of trial.
In April, 1992, the defendants filed a motion for summary judgment on plaintiffs’ petition for nullity of judgment. In another motion filed the same day, the defendants asked the trial court to re-fix the hearing on their exception of prescription and to try the motion for summary judgment and the exception at the same time.
Both parties are in agreement that no material facts are in dispute. Affidavits show that notice of the order setting the date of the hearing and notice of the judgment were mailed by the clerk of court and that counsel for the plaintiffs did not receive these notices. The main dispute between the parties is whether service of the notice fixing the exception for trial by mail, rather than by the sheriff, was proper.
On August 7, 1992, the trial court granted summary judgment for defendants, dismissing the petition for nullity of judgment. On August 13, 1992, the court rendered judgment sustaining defendants’ exception of prescription for reasons assigned in its judgment of August 7, 1992, and plaintiffs appealed.

INADEQUACY OF SERVICE

(Assignments of error nos. 1 and 2)
Plaintiffs allege the trial court erred in granting defendants’ motion for summary judgment in that service of the order fixing the date of the trial of the exception of prematurity was inadequate.
Normally summary judgment may be granted when no material issues of fact exist and the mover is entitled to judgment as a matter of law. See La.C.C.P. arts. 966 and 967.
The trial court relied on La.C.C.P. art. 1313 in holding that service by mail was proper.[1] That article, along with La.C.C.P. arts. 1311, 1312 and 1314, deals with service of “pleadings” and how counsel or the party filing the pleading must serve opposing counsel or party. An order of the trial court setting the date of a hearing of an exception is not a “pleading” but rather it is more analogous to assignment of a case for trial.
La.C.C.P. art. 1571 provides, in pertinent part, as follows:
A.(l) The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
(a) Require adequate notice of trial to all parties;
The Rules of the Thirty-Second Judicial District Court, which became effective on January 15, 1984, are silent as to the proper *588 manner in which to serve notice of an order of the court setting the trial of an exception. La.C.C.P. art. 1571 mandates that each district court prescribe such rules of court to govern assignment of cases for trial in their respective judicial districts. A review of the rules of other district courts show that many have rules for service of a notice fixing a hearing date on any rule fixed for trial by the court. Because the record before us contains no rule (either written or as may have been established by custom and practice) of the Thirty-Second Judicial District Court governing service of notice of an order setting the trial of an exception, we hold that movers did not carry their burden of showing that they are entitled to summary judgment as a matter of law.
This assignment of error has merit.[2]
The judgment sustaining defendants’ exception of prescription is annulled and set aside until a determination is made on the petition for nullity of judgment.

DECREE

The judgment of the trial court granting defendants’ motion for summary judgment is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion. Defendants are assessed all costs of this appeal.
REVERSED AND REMANDED.
SHORTESS, J., concurs.
GONZALES, J., dissents and assigns reasons.
CARTER, J., dissents for reasons assigned by GONZALES, J.

. That article provides, in pertinent part, as follows:
A pleading which requires no appearance or answer, or which under an express provision of law may be served as provided in this article, may be served either by the sheriff or by:
(1) Mailing a copy thereof to the adverse party at his last known address, or to his counsel of record, this service being complete upon mailing;

. Having held the trial court erred in granting the motion for summary judgment, this court need not address plaintiffs' remaining assignments of error.